IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER MEYERS,  )
                  )
        Plaintiff, )
                  )
    -vs-          )    Civil Action No.  16-1040
                  )
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
                  )
        Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 12) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act").  Plaintiff filed her application alleging she had been disabled since September 1, 2000.  (ECF No. 8-6, p. 2).  Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on January 15, 2015.  (ECF No. 8-6, pp. 32-55).  On February 20, 2015, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 8-2, pp. 19-28).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

    **B.**  **<u>Weighing of Opinion Evidence of Dr. Lutka</u>**

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence. (ECF No. 13). First, Plaintiff argues that the ALJ erred in failing to adequately explain the weight given to Dr. Lutka's opinion that she would miss more than four days of work per month. (ECF No. 13, pp. 12-15). Alternatively, Plaintiff submits that the ALJ's opinion in rejecting Dr. Lutka's opinion is unsupported by "conflicting medical opinion evidence." (ECF No. 13, pp. 15-19). As a result, Plaintiff submits that the case should be remanded. *Id.*

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more

3

weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff first argues that the ALJ did not specifically address Dr. Lutka's opinion that she would miss more than four days of work per month. (ECF No. 13, p. 14). Therefore, Plaintiff suggests that it is not clear if the ALJ overlooked this limitation or whether he rejected

4

and, if so, on what basis. *Id.* As a result, Plaintiff submits that I am unable to conduct a meaningful review. In response, Defendant suggests that the ALJ did, in fact, address the issue when he found that Dr. Lutka's opinion that Plaintiff could satisfactorily maintain regular attendance and be punctual within customary, usually strict tolerances" to be "generally consistent with the mental health treatment records and with Dr. Prybock's testing." (ECF No. 15, p. 13). After a review of the record, I find the issue far from clear.

Dr. Lutka completed a mental residual functional capacity questionnaire. (ECF No. 8-12, pp. 3-7). In assessing Plaintiff's mental abilities and aptitudes needed to do unskilled work, there are a series of check-box areas for Dr. Lutka to complete. *Id.* If you review it closely, there are 16 questions, but Dr. Lutka only fills in 15 of the 16 interrogatories. *Id.* at p. 5. One of the checks by Dr. Lutka falls between two boxes. *Id.* One box questions Plaintiff's ability to "maintain attention for two hour segments" and the other questions Plaintiff's ability to "maintain regular attendance and be punctual within customary, usually strict tolerances." *Id.* So from that portion of the form, alone, it is unclear whether Dr. Lutka's check goes to Plaintiff's attention or attendance. *Id.* The ALJ, however, does not recognize this issue. Rather, in discussing the weight he gives Dr. Lutka's opinion, the ALJ states that "Dr. Lutka determined that the claimant has 'limited but satisfactory' abilities …to maintain attention for two hour segments, to maintain regular attendance and be punctual…." (ECF No. 8-2, p. 26). As set forth above, Dr. Lutka does not opine that Plaintiff can perform both satisfactorily. (ECF No. 8-12, p. 5). It is either one or the other. *Id.* Therefore, the ALJ's opinion cannot be said to be based on substantial evidence.

Moreover, in separate section of the questionnaire, Dr. Lutka opines that Plaintiff's impairments would cause Plaintiff to be absent from work more than four days per month.[2] (ECF

---

[2] This evidence suggests to me that the check from the prior section belongs with the attention box and not the attendance box. Either way, the ALJ's opinion that it relates to both is not based on the evidence of

No. 8-12, p. 6). The ALJ does not address this limitation as specifically noted by Dr. Lutka. *Id.* at pp. 26-27. While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. Dr. Lutka's opinion regarding Plaintiff's absences of more than four days per month, especially given the controversy surrounding the attention vs. attendance issue in a prior section, should have been discussed. 20 C.F.R. §§ 404.1527; 416.927. As a result, I am unable to tell if the ALJ considered and rejected the opinion regarding absences or if Dr. Lutka failed to consider the same. The ALJ's failure to discuss the same prohibits me from conducting a proper and meaningful review. Therefore, I find remand is warranted for further consideration on this issue. [3]

An appropriate order shall follow.

---

record.

[3] Since I am remanding as set forth above, I need not address Plaintiff's alternative arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER MEYERS, )
          Plaintiff, )
-vs- ) Civil Action No. 16-1040
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
          Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 8th day of August, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

          BY THE COURT:

          s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.